UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TRALVASTER EPPS,

    Petitioner,

v.                                        Case No. 5:23-cv-142-JA-PRL
                                            (5:21-cr-13-JA-PRL)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Tralvaster Epps ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) pursuant to 28 U.S.C. § 2255, alleging one ground for relief, ineffective assistance of counsel. Respondent filed a Response to the Motion to Vacate (Doc. 3) in compliance with this Court's instruction. Although given the opportunity to do so (*see* Doc. 2 at 2), Petitioner did not file a reply. For the following reasons, the Motion to Vacate will be denied.

        **I.**    **PROCEDURAL HISTORY**

Petitioner was indicted for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(C) (count one); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(l)(A)(i) (count two); and possession with intent to distribute marijuana, cocaine, 50 grams

or more of methamphetamine, and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(l)(A), (b)(l)(C), and (b)(l)(D) (count three). (Criminal Case No. 5:21-cr-13-JA-PRL, Doc. 1 at 1–2).[1] Petitioner pleaded guilty via a written plea agreement to all three counts in the indictment. (Criminal Case Doc. 43). On February 15, 2022, Petitioner was sentenced to a total of 122 months' imprisonment. (Criminal Case Docs. 76, 78). Petitioner did not appeal.

## II.   LEGAL STANDARD

In *Strickland v. Washington,* the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. 466 U.S. 668, 687–88 (1984). A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689–90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *see also Gates v. Zant,* 863 F.2d 1492, 1497 (11th Cir. 1989).

---

[1] Criminal Case No. 5:21-cr-13-JA-PRL will be referred to as "Criminal Case."

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

In this case, Petitioner, citing *Borden v. United States*, 593 U.S. 420 (2021), claims that his trial counsel rendered constitutionally ineffective assistance of counsel by failing to challenge his § 924(c) conviction and sentence and that Petitioner's plea "lacked [the] required elements to a serious violent felony offense." (Doc. 1 at 4, 12–14.)

As is relevant here, § 924(c)(1)(A) provides for a mandatory consecutive term of five years' imprisonment for a person who, "during and in relation to any

crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." For purposes of § 924(c), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Petitioner pleaded guilty to a violation of § 924(c) (count two) predicated on the drug trafficking crime charged in count one. (*See* Criminal Case Doc. 1; Criminal Case Doc. 83 at 9–11, 19–20),

In *Borden*, the Supreme Court held that a criminal offense with a *mens rea* of recklessness cannot qualify as a "violent felony" under the Armed Career Criminal Act's (ACCA's) elements clause to enhance a defendant's sentence.[2] *See Borden*, 593 U.S. at 423 (plurality opinion); *id.* at 445 (Thomas, J., concurring). A four-justice plurality explained that its conclusion followed from the statutory text, as the phrase "against another," when read in conjunction with the "use of physical

---

[2] The ACCA requires a 15-year minimum prison sentence for a defendant who possesses a firearm, in violation of 18 U.S.C. § 922(g), and has three or more prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). The ACCA's elements clause in 18 U.S.C. § 924(e)(2)(B)(i) defines a "violent felony" as any crime punishable by more than one year in prison that "has as an element the use, attempted use, or threatened use of physical force" against another person. *Id.* § 924(e)(2)(B)(i). Here, Petitioner was not charged with a felon-in-possession-of-a-firearm offense.

4

force," required that the perpetrator direct force at another individual in a way that mere recklessness does not require. *Id.* at 430 (plurality opinion). The plurality noted that the term "violent felony" envisioned "violent, active crimes" that involve the purposeful choice of wreaking harm, rather than a mere indifference to risk. *Id.* at 437–38 (plurality opinion). In a separate concurring opinion, Justice Thomas reached the same ultimate conclusion, opining, in relevant part, that recklessness crimes do not have as an element "the use of physical force," which applies only to intentional acts designed to cause harm. *Id.* at 446 (Thomas, J., concurring).

*Borden* has no application to Petitioner's case, as Petitioner's § 924(c) conviction does not represent a violation of the ACCA. The ACCA is set out in 18 U.S.C. § 924(e), not § 924(c). Petitioner was charged with, and pleaded guilty to, a drug trafficking crime (count one) that supported his 924(c) conviction. (Criminal Case Docs. 1, 43). Because *Borden* applies to the ACCA's elements clause (addressing crimes of violence) for felon-in-possession offenses, it has no application to Petitioner's 924(c) offense for possessing a firearm in furtherance of a drug trafficking offense. And because *Borden* has no application, his counsel cannot have been ineffective for failing to raise the argument. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Thus, Petitioner's Motion must be denied.[3]

### IV. CONCLUSION

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED,** and this case is **DISMISSED** with prejudice.

2. The Clerk of Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is also directed to file a copy of this Order in Criminal Case No. 5:21-cr-13-JA-PRL and to terminate the Motion (Criminal Case Doc. 82) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[3] As the Court can resolve the Motion to Vacate on the basis of the record, an evidentiary hearing is not warranted. *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (The Court "is not required to grant a petitioner an evidentiary hearing if the § 2255 motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." (citation and quotation omitted)).

[4] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section* 2255 *Proceedings for the United States District Courts,* Rule 11(a).

6

**DONE and ORDERED** in Ocala, Florida on March 19, 2024.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party